UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

JONATHAN-MICHAEL BROWN and
JALEN KENYATTA-MALIK JACKSON,

        Defendants.

_____/   **INDICTMENT**

The Grand Jury charges:

### Count 1
(Felon in Possession of Firearms)

On or about October 30, 2021, in Ingham County, in the Southern Division of the Western District of Michigan,

JONATHAN-MICHAEL BROWN,

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a Ruger model AR-556 5.56 caliber rifle with serial number 859-90240, and an Anderson model MFG-AM 15 5.56 caliber rifle with serial number 19275665, and the firearms were in and affecting commerce.

18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(a)(2)

## Count 2
(False Statement During Purchase of Firearms)

On or about October 30, 2021, in Ingham County, in the Southern Division of the Western District of Michigan,

JONATHAN-MICHAEL BROWN,

in connection with the acquisition of firearms, specifically a Ruger model AR-556 5.56 caliber rifle with serial number 859-90240, and an Anderson model MFG-AM 15 5.56 caliber rifle with serial number 19275665, from Total Firearms, a licensed dealer of firearms, knowingly furnished and exhibited a false, fictitious, and misrepresented identification to Total Firearms. This identification was intended and likely to deceive Total Firearms as to a fact material to the lawfulness of the sale of those firearms to the defendant under Chapter 44 of Title 18 of the United States Code, in that the defendant falsely represented on the Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, that his name and true identity was that of J.C., when in fact, as the defendant then knew, he was not J.C.

18 U.S.C. § 922(a)(6)
18 U.S.C. § 924(a)(2)

## **Count 3**
(Aggravated Identity Theft)

On or about October 30, 2021, in Ingham County, in the Southern Division of the Western District of Michigan,

JONATHAN-MICHAEL BROWN

knowingly possessed and used, without lawful authority, a means of identification of another person, specifically the State of Ohio driver's license of J.C., during and in relation to the commission of the crime of False Statement During Purchase of Firearms, as charged in Count 2 of this Indictment.

18 U.S.C. § 1028A(a)(1), (b), (c)(3)
18 U.S.C. § 922(a)(6)

## Count 4
(Felon in Possession of Firearms)

On or about January 3, 2022, in Ingham County, in the Southern Division of the Western District of Michigan,

JONATHAN-MICHAEL BROWN,

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a Diamondback rifle model DB10 caliber .308 Win with serial number DB-1111977, and the firearm was in and affecting commerce.

18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(a)(2)

**Count 5**
(False Statement During Purchase of Firearms)

On or about January 3, 2022, in Ingham County, in the Southern Division of the Western District of Michigan,

JONATHAN-MICHAEL BROWN,

in connection with the acquisition of firearms, specifically a Diamondback rifle model DB10 caliber .308 Win with serial number DB-1111977, from Not Just Guns, a licensed dealer of firearms, knowingly furnished and exhibited a false, fictitious, and misrepresented identification to Not Just Guns. This identification was intended and likely to deceive Not Just Guns as to a fact material to the lawfulness of the sale of the firearm to Defendant under Chapter 44 of Title 18 of the United States Code, in that the defendant falsely represented on the Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, that his name and true identity was that of J.C., when in fact, as the defendant then knew, he was not J.C.

18 U.S.C. § 922(a)(6)
18 U.S.C. § 924(a)(2)

## **Count 6**
(Aggravated Identity Theft)

On or about January 3, 2022, in Ingham County, in the Southern Division of the Western District of Michigan,

JONATHAN-MICHAEL BROWN

knowingly possessed and used, without lawful authority, a means of identification of another person, specifically the State of Ohio driver's license of J.C., during and in relation to the commission of the crime of False Statement During Purchase of Firearms, as charged in Count 5 of this Indictment.

18 U.S.C. § 1028A(a)(1), (b), (c)(3)
18 U.S.C. § 922(a)(6)

**Count 7**
(False Statement During Purchase of Firearms)

On or about January 14, 2022, in Eaton County, in the Southern Division of the Western District of Michigan,

JALEN KENYATTA-MALIK JACKSON,

in connection with the acquisition of firearms, specifically a Canik55 TP-9 Elite pistol with serial number 21BN13053, and a FNH 509 pistol with serial number GKS0037970, from The Range 517, a licensed dealer of firearms, knowingly made a false and fictitious statement to The Range 517. This false statement identification was intended and likely to deceive The Range 517 as to a fact material to the lawfulness of the sale of those firearms to the defendant under Chapter 44 of Title 18 of the United States Code, in that the defendant falsely represented on Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, that he was the actual transferee/buyer of the firearm, when in fact, as Defendant then knew, he was not the actual transferee/buyer of the firearm.

18 U.S.C. § 922(a)(6)
18 U.S.C. § 924(a)(2)

## **Count 8**
(False Statement During Purchase of Firearms)

On or about February 17, 2022, in Calhoun County, in the Southern Division of the Western District of Michigan,

JALEN KENYATTA-MALIK JACKSON,

in connection with the acquisition of firearms, specifically a Glock 17 Gen5 pistol with serial number BUXX213, a Smith & Wesson SD9 pistol with serial number FDR7018, and a Pioneer Arms Hellpup pistol with serial number PAC1168253, from Freedom Firearms, a licensed dealer of firearms, knowingly made a false and fictitious statement to Freedom Firearms.  This false statement identification was intended and likely to deceive Freedom Firearms as to a fact material to the lawfulness of the sale of those firearms to the defendant under Chapter 44 of Title 18 of the United States Code, in that the defendant falsely represented on Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, that he was the actual transferee/buyer of the firearm, when in fact, as Defendant then knew, he was not the actual transferee/buyer of the firearm.

18 U.S.C. § 922(a)(6)
18 U.S.C. § 924(a)(2)

**Count 9**
(Conspiracy to Commit Wire Fraud)

From on or about October 26, 2021, through on or about February 20, 2022, in the Southern Division of the Western District of Michigan, Eastern District of Michigan, Northern District of Ohio, and elsewhere,

JONATHAN-MICHAEL BROWN and
JALEN KENYATTA-MALIK JACKSON

conspired, confederated, and agreed with each other and persons known and unknown to the grand jury to devise and participate in a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and by concealment of material facts, by means of wire communication in interstate commerce, in violation of Title 18, United States Code, Section 1343.

OBJECT

The object of the conspiracy was to unlawfully enrich themselves by selling for a profit numerous firearms that the defendants illegally purchased from firearms dealers using stolen credit card account numbers assigned to other people.

MANNER AND MEANS

1.  It was a part of the conspiracy that JONATHAN-MICHAEL BROWN ("BROWN") was the organizer, leader, and manager of the scheme. BROWN obtained stolen credit card information using the internet and dark web, manufactured a fraudulent Ohio driver's license in the identity of victim J.C. but with the photograph of BROWN, and fraudulently manufactured various credit cards in the name of J.C.

9

using credit card account numbers assigned to other people. BROWN used the fraudulent Ohio Driver's License and fraudulent credit cards in the name and identity of victim J.C. to illegally purchase firearms from licensed dealers.

2.  It was further part of the conspiracy that, between on or about October 26, 2021, and on or about January 13, 2022, BROWN recruited JALEN KENYATTA-MALIK JACKSON ("JACKSON") to fraudulently and illegally purchase firearms in the scheme.  BROWN manufactured fraudulent credit cards in JACKSON's name using credit card numbers assigned to other people.  BROWN provided JACKSON with the fraudulent credit cards and directed JACKSON to proceed to specific licensed dealers of firearms, purchase certain firearms, and transfer some of those firearms to BROWN.  Thereafter, JACKSON and BROWN transferred the illegally purchased firearms to other purchasers for money.

3.  It was further part of the conspiracy that BROWN knowingly furnished a false, fictitious, and misrepresented identification to licensed dealers of firearms to deceive the dealers as to a fact material to the lawfulness of the sale of said firearms to BROWN.  Namely, BROWN falsely represented on the Form 4473 that his name and true identity was J.C., when in fact, as BROWN then knew, he was not J.C.  BROWN further used the J.C. identity to conceal his own prohibited status as a firearm purchaser because he knew that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.  BROWN further used the J.C. identity to purchase and attempt to purchase firearms in the Southern Division of the Western District of Michigan, Eastern District of Michigan, Northern

District of Ohio, and elsewhere. In so doing, BROWN caused transmission by means of wire communication in interstate commerce of credit card account information of victims known and unknown to the grand jury when making payment for each respective firearm.

4. It was further part of the conspiracy that JACKSON knowingly furnished a false, fictitious, and misrepresented credit card number to licensed dealers of firearms to deceive the dealers as to a fact material to the lawfulness of the sale of said firearms to JACKSON. Namely, JACKSON falsely represented on the Form 4473 that he was the actual transferee/buyer of the firearm, when in fact JACKSON used fraudulent credit card numbers for the purchases and intended to transfer the firearms to others for profit, or to BROWN. JACKSON purchased and attempted to purchase firearms in the Southern Division of the Western District of Michigan and Eastern District of Michigan. In so doing, JACKSON caused transmission by means of wire communication in interstate commerce the credit card account information of victims known and unknown to the grand jury when making payment for each respective firearm.

5. If and when victims of the fraudulent credit card transactions conducted by BROWN and JACKSON noticed and reported those transactions to their credit card providers, the credit card providers would often charge back the transactions by BROWN and JACKSON and leave the licensed dealers of firearms to absorb the financial cost of the purchased firearms. Approximately 18 of BROWN's transactions

and 14 of JACKSON's transactions were charged back to the respective licensed dealers of firearms.

6. As part of the conspiracy, BROWN purchased approximately 25 firearms using the J.C. alias: 3 firearms in the Southern Division of the Western District of Michigan, 20 firearms in the Eastern District of Michigan, and 2 firearms in the Northern District of Ohio. At least 2 additional attempted purchases were denied by the licensed dealers of firearms.

7. As part of the conspiracy, JACKSON purchased approximately 37 firearms using fraudulent credit card numbers provided by BROWN: 11 firearms in the Southern Division of the Western District of Michigan and 26 firearms in the Eastern District of Michigan. At least 17 additional attempted purchases were denied by the licensed dealers of firearms.

8. BROWN and JACKSON misrepresented, concealed and hid, and caused to be misrepresented, concealed and hidden, the purpose of the scheme and acts done in furtherance of the scheme. BROWN and JACKSON traveled to numerous licensed dealers of firearms in the Southern Division of the Western District of Michigan, Eastern District of Michigan, and Northern District of Ohio to conceal and hide the purpose of the scheme.

18 U.S.C. § 1349
18 U.S.C. § 1343

## Counts 10-13
(Wire Fraud)

9. Paragraphs 1 through 8 of Count 9 in this Indictment are re-alleged in this Count, as if fully set forth herein.

10. From on or about October 26, 2021 through on or about February 20, 2022, in the Southern Division of the Western District of Michigan, Eastern District of Michigan, Northern District of Ohio, and elsewhere,

JONATHAN-MICHAEL BROWN and
JALEN KENYATTA-MALIK JACKSON

devised, intended to devise, and participated in a scheme to defraud and obtain money and property by means of materially false and fraudulent representations and promises, and by concealment of material facts, by means of wire communication in interstate commerce, which scheme is further described below.

11. BROWN obtained stolen credit card information using the internet and dark web, manufactured a fraudulent Ohio driver's license in the identity of victim J.C. but with the photograph of BROWN, and fraudulently manufactured various credit cards in the name of J.C. using credit card account numbers assigned to other people. BROWN traveled to licensed dealers of firearms and purchased firearms using the fraudulent Ohio driver's license and fraudulent credit cards in the identity and name of victim J.C. BROWN purchased and attempted to purchase firearms in the Southern Division of the Western District of Michigan, Eastern District of Michigan, and Northern District of Ohio using the stolen credit card account

numbers. Thereafter, BROWN transferred the illegally purchased firearms to other purchasers for money.

12. BROWN recruited JACKSON to fraudulently and illegally purchase firearms in the scheme. BROWN manufactured fraudulent credit cards in JACKSON's name using actual credit card account numbers assigned to other people. BROWN provided JACKSON with the fraudulent credit cards and directed JACKSON to proceed to specific licensed dealers of firearms, purchase certain firearms, and transfer some of those firearms to BROWN. JACKSON purchased and attempted to purchase firearms in the Southern Division of the Western District of Michigan and Eastern District of Michigan using the stolen credit card account numbers. Thereafter, JACKSON and BROWN transferred the illegally purchased firearms to other purchasers for money.

13. For the purpose of executing the scheme, BROWN and JACKSON knowingly transmitted and caused to be transmitted in interstate commerce by means of wire communication certain writings, signs, and signals. Specifically, on or about the following dates, BROWN and JACKSON caused credit card account numbers and other purchase data to be transmitted across state lines in connection with the following purchases of firearms:

| Count | Date | Defendant | Transaction Location/Description |
|---|---|---|---|
| 10 | 10/30/2021 | JONATHAN-MICHAEL BROWN | Purchase of Ruger model AR-556 5.56 caliber rifle with serial number 859-90240, and an Anderson model MFG-AM 15 5.56 caliber rifle with serial number 19275665, from Total Firearms in Mason, Michigan (Ingham County) |
| 11 | 1/03/2022 | JONATHAN-MICHAEL BROWN | Purchase of Diamondback rifle model DB10 caliber .308 Win with serial number DB-1111977, from Not Just Guns in Mason, Michigan (Ingham County) |
| 12 | 1/14/22 | JALEN KENYATTA-MALIK JACKSON | Purchase of a Canik55 TP-9 Elite pistol with serial number 21BN13053, and a FNH 509 pistol with serial number GKS0037970, from The Range 517 in Lansing, Michigan (Eaton County) |
| 13 | 2/16/22 | JALEN KENYATTA-MALIK JACKSON | Purchase of an Aero Precision M16A4 pistol with serial number 7923, a Glock 34 pistol with serial number BTFF990, and a Glock 26 pistol with serial number AGGB519, from On Target, Inc in Kalamazoo, Michigan (Kalamazoo County) |

18 U.S.C. § 1343

**FORFEITURE ALLEGATION**
(Count 9: Wire Fraud Conspiracy & Counts 10-13: Wire Fraud)

23. The allegations contained in Counts 9 and 10-13 of this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

24. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of a violation of 18 U.S.C. § 1349, as set forth in Count 9 of this Indictment, or a violation of 18 U.S.C. § 1343 as set forth in Counts 10 through 13 of this Indictment, Defendants,

JONATHAN-MICHAEL BROWN and
JALEN KENYATTA-MALIK JACKSON,

shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following:

1. MONEY JUDGMENT: A sum of money equal to at least $53,638, which represents the proceeds obtained, directly or indirectly, from the scheme to defraud and conspiracy charged in Counts 9 and 10 through 13.

2. SEIZED PERSONAL PROPERTY:

   a. a Kahr Arms CW9 9mm caliber pistol with serial number EM9479;

   b. a Smith & Wesson SD9 9mm caliber pistol with serial number FDR7018;

   c. a Aero Precision M16A4 5.56 caliber pistol with serial number 00007923;

      d. a Smith & Wesson M&P 40C .40 caliber pistol with serial number DVY2767;

      e. a Faxon Firearms FF-15 5.56 caliber pistol with serial number FF-15-02296;

      f. a Pioneer Arms Sporter 7.62 caliber rifle with serial number PAC1165260;

      g. a Black Aces Tactical Pro series X 12 gauge shotgun with serial number 21BLP36776;

      h. associated ammunition; and

      i. $2,645 in seized U.S. currency.

3. SUBSTITUTE ASSETS: If any of the property described above, as a result of any act or omission of the defendant:

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred or sold to, or deposited with, a third party;

      c. has been placed beyond the jurisdiction of the court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)

28 U.S.C. § 2461(c)
18 U.S.C. § 1349
18 U.S.C. § 1343

                                          A TRUE BILL

                                          _____
                                          GRAND JURY FOREPERSON

MARK A. TOTTEN
United States Attorney

_____
CLAY M. WEST
Assistant United States Attorney

18